

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 2 2015
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:14-CV-852-A |
| REAL PROPERTY KNOWN AS 1442 N. 8TH STREET, FRESNO, CALIFORNIA, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS LOCATED THEREON; ET AL., | § § § § § § § | |
| Respondents in Rem. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for constructive service of direct notice to a potential claimant in a forfeiture action filed by plaintiff, the United States of America, on June 16, 2015. After having considered such motion, the affidavit filed in support thereof, and applicable legal authorities, the court has concluded that the motion should be granted.

I.

Plaintiff's Motion and Supporting Affidavits

The above-captioned action is a complaint for forfeiture against various properties pursuant to 21 U.S.C. §§ 881(a)(6) and

(7). In accordance with Rule G(4)(b) of the Supplemental Rules, plaintiff sought to give notice of the above-captioned action to all known potential claimants. Supp. R. for Admiralty or Mar. Claims and Asset Forfeiture Actions G(4)(b). Khamsouk Vongphachanh ("Vongphachanh") is one such potential claimant. Plaintiff mailed Vongphachanh direct written notice of the complaint for forfeiture on October 31, 2014. However due to a defect, the notice and complaint were re-sent on May 12, 2015. The time for Vongphachanh to file a claim pursuant to such notice has passed.

In support of its motion, plaintiff submitted the affidavit of Edward Barrett ("Barrett"), who is assigned to the Dallas Field Division Office as a federally deputized Task Force Officer. In his affidavit, Barrett stated that (1) on December 17, 2013, DEA agents/officers attempted to locate Vongphachanh and arrest him pursuant to an arrest warrant; (2) they searched several properties, including the properties where notice was sent to Vongphachanh, but he could not be located; (3) Vongphachanh was declared a fugitive in April 2014; (4) DEA agents/officers attempted to ascertain whether Vongphachanh

2

returned to his native country of Laos but were unable to determine his location; and (5) Vongphachanh's location is presently unknown.

Because Vongphachanh's location is presently unknown, plaintiff requested the court to order constructive notice of the complaint pursuant to California law. Plaintiff requested the court find that plaintiff has previously served Vongphachanh under Cal. Civ. P. Code § 415.45, or, in the alternative, authorize plaintiff to serve Vongphachanh under Cal. Civ. P. Code § 415.50.

II.

Analysis

A. Law Pertaining to Substituted Service

In order to initiate a civil forfeiture action against real property, plaintiff must file a complaint for forfeiture, post a notice of the complaint on the property, and serve such notice on the property owner along with a copy of the complaint. 18 U.S.C. § 985(c)(1). Such notice "must be sent by means reasonably calculated to reach the potential claimant." Supp. R. for Admiralty or Mar. Claims and Asset Forfeiture Actions G(4)(b)(iii)(A). However, if a property owner cannot be so

served because he is a fugitive, "constructive service may be made in accordance with the laws of the state in which the property is located." 18 U.S.C. § 985(c)(2). All of the property subject to this action is located in California.

California law provides that a summons may be served by publication,

> if it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
>
> (2) The party to be served has or claims an interest in real or personal property in [California] that is subject to the jurisdiction of the court or the relief demanded consists wholly or in part in excluding the party from any interest in the property.

Cal. Civ. P. Code § 415.50(a) (West 2004).

B. <u>Application of Law to Facts</u>

The Supplemental Rules require notice to be sent "by means reasonably calculated to reach the potential claimant." Supp. R. for Admiralty or Mar. Claims and Asset Forfeiture Actions G(4)(b)(iii)(A). Sending notice to the last address that Vongphachanh gave to the DEA would not be so calculated, because the DEA has knowledge that Vongphachanh is no longer at that address.

The civil forfeiture statute specifically provides that where a potential claimant cannot be served because he is a

4

fugitive, such claimant may be served with notice according to the laws of the state in which the property is located, in this instance, California. 18 U.S.C. §985(c)(2). Plaintiff requested that the court order service pursuant to Cal. Civ. P. Code § 415.45 (West), however that section of the Code is specifically relevant to unlawful detainer actions and plaintiff makes no argument that California law authorizes parties in other types of suits to use that manner of service.[1] Instead, the California Civil Procedure Code provides for substituted service by publication. Cal. Civ. P. Code § 415.50 (West 2004).

In this instance, substitute service by publication is appropriate because Vongphachanh cannot be served by any other method specified in Article 3 of the California Code of Civil Procedure. Because the location of Vongphachanh is unknown, he cannot be personally served under Cal. Civ. P. Code § 415.10 (West). Furthermore, his office, usual mailing address, dwelling house, and usual place of abode are also unknown, so service cannot be accomplished per Cal. Civ. P. Code § 415.20 (West

---

[1] Text of § 415.45 reads in pertinent part that:

(a) A summons in an action for unlawful detainer of real property may be served by posting if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in any manner specified in this article other than publication . . . .

Cal. Civ. P. Code § 415.45 (West).

2004). For the same reason, service by mail pursuant to Cal. Civ. P. Code § 415.30 (West) is unavailable. Therefore, the only remaining method of service under California law is publication under Cal. Civ. P. Code § 415.50 (West 2004). Furthermore, this action is one wherein Vongphachanh is a potential claimant to the real property at issue and the relief demanded would exclude him from such property. Id. For that reason, constructive service by publication is appropriate under California law.

Service by publication must be made in the newspaper that is "most likely to give actual notice to [him] . . . ." Cal. Civ. P. Code § 415.50 (West 2004). Barrett's affidavit stated that, as near as the DEA could tell, Vongphachanh has not returned to his native country of Laos. Vongphachanh's wife was still in Fresno, California. All of the property subject to this suit is in Fresno or Mariposa, California. Plaintiff represented that the San Francisco Chronicle is the publication most likely to give notice to someone in that part of California. For that reason, the court finds that the San Francisco Chronicle is the newspaper most likely to give actual notice to Vongphachanh of this suit, and for that reason, service by publication should be made in that newspaper.

III.

Order

Therefore,

The court ORDERS that plaintiff's motion for substituted service be, and is hereby, granted.

The court further ORDERS that plaintiff is to publish the summons in the San Francisco Chronicle in compliance with Section 6064 of the California Government Code.

The court further ORDERS that should Vongphachanh's address be ascertained prior to the expiration of the time prescribed for publication of the summons, the summons, complaint, and order for publication shall be mailed forthwith to such address.

SIGNED June 22, 2015.

_____
JOHN McBRYDE
United States District Judge